2009 BNH 003
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                              Bk. No. 03-12720-MWV
                                                                    Chapter 7
Hugh A. McAdam, III,
        Debtor

Hugh A. McAdam, III,
        Plaintiff

v.                                                                  Adv. No. 08-1011-MWV

State of New Hampshire
(Department of Employment Security),
        Defendant


*Grenville Clark, III, Esq.*
GRAY WENDELL & CLARK, P.C.
*Attorney for Plaintiff*

*Peter C.L. Roth, Esq.*
STATE OF NEW HAMPSHIRE,
OFFICE OF THE ATTORNEY GENERAL
*Attorney for Defendant*

### MEMORANDUM OPINION

The Court has before it the State of New Hampshire Department of Employment Security's (the "Defendant") motion to dismiss the complaint filed by Hugh A. McAdam (the "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6).  In his complaint, the Plaintiff alleges that the Defendant violated the discharge injunction pursuant to 11 U.S.C. § 524(a) and seeks damages of $50,000.[1]  The Plaintiff filed an objection, and on March 18, 2008, the Court held a hearing on the motion and took the matter under advisement.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to the Bankruptcy Reform Act of 1978, as amended through October 16, 2005, 11 U.S.C. § 101 et seq.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

In 2002, the Plaintiff was the president of International Paper Box Machine Co., Inc. (hereinafter, "IPBMC"). In April 2002, IPBMC incurred a liability to the Defendant for past-due unemployment contributions for the period beginning January 1, 2002, through March 31, 2002 (the "Past-Due Contributions"). The said contributions were imposed on IPBMC under Chapter 282-A:69 of the New Hampshire Unemployment Contribution Law. IPBMC did not satisfy the Past-Due Contributions and filed a chapter 11 petition on September 24, 2002. The Defendant filed a proof of claim for the Past-Due Contributions in IPBMC's case but did not recover any funds because the bankruptcy estate had insufficient assets. IPBMC's case was converted to a chapter 7 case on April 24, 2003, and closed on June 28, 2007.

On August 6, 2003, the Plaintiff filed a chapter 7 petition and received a discharge on November 20, 2003. The Defendant was notified of the filing. On or about April 27, 2007, the Defendant commenced collection procedures for the Past-Due Contributions against the Plaintiff, individually. The Defendant sent a written notice to the Plaintiff demanding a total of $15,138.43 for the Past-Due Contributions and related late fees, costs, and interest. The Defendant then filed suit against the Plaintiff to recover the same in the Concord District Court. The Concord District Court issued an order staying proceedings to allow the Plaintiff to file appropriate pleadings with this Court. On January 23, 2008, the Plaintiff commenced the instant adversary proceeding against the Defendant, alleging violation of the discharge injunction pursuant to 11 U.S.C. § 524(a).

### DISCUSSION

The complaint asserts a claim for violation of the discharge injunction pursuant to 11 U.S.C. § 524(a). The Defendant moves to dismiss under Rule 12(b)(6) on the grounds that its collection efforts, including the state court action, did not violate the discharge injunction because (1) the Plaintiff is personally liable for the Past-Due Contributions under New Hampshire law and the said taxes are nondischargeable under the Bankruptcy Code; and (2) as a matter of law, suits commenced in state court to determine nondischargeability of debts do not violate the discharge injunction. The Plaintiff argues that he has a viable claim because he is not personally liable for the Past-Due Contributions and the said taxes are not nondischargeable under the Bankruptcy Code.

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]" LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief. Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007). The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### I. Nondischargeability under the Bankruptcy Code

The first issue before the Court is twofold: (1) whether the Plaintiff is personally liable for the Past-Due Contributions under N.H. Rev. Stat § 282-A; and (2) if so, whether the Past-Due Contributions are nondischargeable taxes under 11 U.S.C. § 523(a)(1)(A) and (B).

### A. Personal Liability under N.H. Rev. Stat. Ann. § 282-A

To start, the Court notes that the Past-Due Contributions are state taxes. N.H. Rev. Stat. Ann. § 282-A:69(I) imposes unemployment contributions on employers.[2]  "'Contributions' means the money payments due from an employer to the state required by this chapter." § 282-A:6. Such a contribution "is an involuntary exaction levied against an employer for the public expense" and thus, "is a tax." State of New Hampshire v. Thayer, 395 A.2d 500, 502 (N.H. 1978).

New Hampshire law governs the issue of personal liability for unpaid contributions. Section 282-A:8 defines "employer" as various employing units but makes no reference to corporate presidents or other officers. See N.H. Rev. Stat. § 282-A:8(I)-(VIII). Section 282-A:143, however, provides that "[f]or the purposes of *RSA 282-A:141-155*, 'employer' in the case of corporations or limited liability companies

---

[2] Section 282-A:69(I) provides:

> Contributions shall accrue and become payable by each employer for each calendar year, in which he is subject to this chapter, in an amount equal to 2.7 percent, except as otherwise provided in RSA 282-A:79-90, of the wages paid or payable for employment during such calendar year, not to exceed $8,000 which have been paid to an individual in any calendar year. Such contributions shall become due and be paid by each employer to the commissioner of the department of employment security for the fund in accordance with such rules as the commissioner of the department of employment security may adopt and shall not be deducted, in whole or in part, from the wages of individuals in such employer's employ; provided that the contributions of an employer becoming subject to the law within any calendar year shall be first due and payable after such employer has satisfied the conditions with respect to becoming an employer. For the purposes of this section, the term "wages" shall include service subject to contribution under any employment security law of another state.

NH. Rev. Stat. § 282-A:69(I).

includes the president, treasurer, members, or any other person in a managerial capacity of said corporation or limited liability company." § 282-A:143 (emphasis added). Thus, by its plain language, section 282-A:143 extends liability for past-due contributions to a corporation's president. The expanded definition of "employer" set forth in section 282-A:143 is not limited to that provision, but also applies to "RSA 282-A:141-155." § 282-A:143. Section 282-A:152 in relevant part provides:

> Upon the failure of any person to pay any contribution due to the state within 30 days from its due date, the commissioner of the department of employment security or his duly authorized representative charged by law with its collection shall add thereto such penalty or interest or both as shall be prescribed by law. The attorney general may collect any such contribution by a civil action, or the commissioner or his duly authorized representative charged by law with the collection of such contribution may make out and sign a warrant directed to any serving officer for distraint upon the goods, realty or body of such person.

§ 282-A:152(II). As such, the state may seek past-due taxes "by a civil action" from a corporate president pursuant to section 282-A:152(II), and a corporate president may be personally liable.[3]

In the instant case, the Plaintiff conceded that he was IPBMC's president at the time the Past-Due Contributions were incurred. Thus, he was an "employer" and personally liable for the taxes. Although the Plaintiff alleges that he did not manage IPBMC at that time and that Resolution Capital of Boston may have managed it, New Hampshire statutory and case law is silent on whether a president must be acting in managerial capacity at the time the unemployment taxes are incurred for individual liability. The Court concludes that section 282-A:143 does not require such condition. In addition, the Plaintiff's argument that section 282-A:143 creates an *in rem* remedy, not personal liability, does not help him because section

---

[3] Section 282-A:143 also grants the state a property lien for past-due contributions and, in relevant part, provides:

> If any employer required to pay contributions under this chapter neglects or refuses to pay contributions after demand, the amount, together with all penalties, fees, and interest and any costs that may accrue becomes a lien in favor of the state upon all property and rights to property whether real or personal, belonging to the employer. The lien arises at the time demand is made by the commissioner and continues until the liability for the sum, with interest and costs, is satisfied.

§ 282-A:143.

282-A:152(II) provides the Defendant *in personam* process for collecting taxes. Thus, the Plaintiff is personally liable for the Past-Due Contributions.

Lastly, the Defendant requests the Court find the Plaintiff liable for certain interest, late fees, and costs incurred in connection with the Past-Due Contributions.[4] The issue before the Court is whether it should dismiss the complaint, and thus, it will not make a finding as to the dollar amount owed by the Plaintiff for the Past-Due Contributions. The Court, nonetheless, concludes that a "contribution" includes "not only the principal of any contribution but also all interest, penalties, fees and other charges added thereto by law. . ." § 282-A:152(I). To the extent the Past-Due Contributions reflect such interest and fees described in section 282-A:152(I), the Court finds that the Plaintiff is personally liable for such amounts.

In short, the Past-Due Contributions are a debt in the Plaintiff's personal bankruptcy case. To determine whether the Court should dismiss the complaint, the Court must next determine whether such debt is nondischargeable under the Bankruptcy Code, rendering the Plaintiff's claim for violation of the discharge injunction unavailing.

**B.     Nondischargeability under 11 U.S.C. § 523(a)(1)**

The Defendant argues that the Past-Due Contributions are nondischargeable taxes under section 523(a)(1)(A) and (B). Section 523(a)(1) in relevant part provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> > (1) for tax or a customs duty–
> > > (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
> >
> > > (B) with respect to which a return, if required–
> > > > (I) was not filed; or

---

[4] Specifically, of the total $15,702.99 sought, the Defendant alleges that $6,827.12 represent interest, late fees, and costs related to the Past-Due Contributions.

> (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition . . .

11 U.S.C. § 523(a)(1)(A) & (B).

### 1. Section 523(a)(1)(B) and Late-Filed or Unfiled Tax Returns

As discussed earlier, the Past-Due Contributions are state taxes. In addition, the return for the Past-Due Contributions was due within two years of IPBMC's filing date because the taxes were incurred for the period beginning January through March 2002, and IPBMC filed its petition on September 24, 2002. Further, the Court takes judicial notice of the Defendant's proof of claim for the Past-Due Contributions filed in IPBMC's bankruptcy case, which indicates that the return was either not filed or late-filed. Accordingly, the elements under section 523(a)(1)(B) are satisfied. However, the Plaintiff argues that section 523(a)(1)(B) does not apply to him because IPBMC, not the Plaintiff, was obligated to file quarterly returns and pay the Past-Due Contributions. Thus, the issue is whether the Plaintiff, individually, must have been obligated to file the return for section 523(a)(1)(B) to apply.

"The plain language of § 523(a)(1)(B)(ii) excepts from discharge any debt of an individual debtor for a tax where a return was filed late and within the two-year period prior to bankruptcy." Mueller v. State of Wisconsin (In re Mueller), 243 B.R. 346, 350 (Bankr. W.D. Wis. 1999). "Bankruptcy cases addressing 523(a)(1)(B)(ii) consider only whether tax returns were filed, not whether a responsible party is subject to its terms." Id. at 349. "There is no language in § 523(a)(1)(B)(ii) that requires that the debt must have originally accrued to the debtor[,]" and instead, "the debtor need only be liable for the debt." Id. at 350. Here, the Plaintiff is liable for the debt constituting the Past-Due Contributions pursuant to N.H. Rev. Stat. § 282-A:143. Thus, it is immaterial that the taxes were originally owed and the return was due by IPBMC. As such, the Past-Due Contributions are nondischargeable under section 523(a)(1)(B). As such, the Plaintiff fails to state a claim for which relief may be granted, and his claim is dismissed.

### 2.   Section 523(a)(1)(A) and "Of the Kind" Taxes

Although the Court has already found grounds to dismiss the Plaintiff's claim, it will nonetheless address the Defendant's nondischargeability argument brought under section 523(a)(1)(A). Under section 523(a)(1)(A), taxes "of the kind" afforded priority status under section 507(a)(8) are nondischargeable. 11 U.S.C. § 523(a)(1)(A). The Defendant argues that the Past-Due Contributions are taxes "of the kind" specified in section 507(a)(8)(D) and (E).

### I.   Section 507(a)(8)(D) and Employment Taxes

Section 507(a)(8)(D) affords priority status to unsecured claims for "an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection *earned from the debtor* before the date of the filing of the petition, whether or not actually paid before such date, for which a return is late due, under applicable law or under any extension, after three years before the date of the filing of the petition[.]" § 507(a)(8)(D) (emphasis added). "The debtor" for purposes of section 507(a)(8)(D) is the person concerning which a case under the Bankruptcy Code has been commenced. § 101(13); see Ndosi v. State of Minnesota, 950 F.2d 1376, 1378 (8th Cir. 1991). Read together, this means that section 507(a)(8)(D) gives priority status to a tax only if the person earning the salary was an employee of the debtor of the pending case. See Ndosi, 950 F.2d at 1378.

Here, the Defendant holds an unsecured claim for the Past-Due Contributions. "The debtor" is the Plaintiff and the Past-Due Contributions arise from wages earned from IPBMC's employees, not the Plaintiff's employees. Although the Defendant argues that the language "of the kind" in section 523(a)(1)(A) broadens the scope of nondischargeable taxes to include taxes in the instant case, the Court disagrees and follows the precedent set by the Eighth Circuit in Ndosi. There, the court of appeals held that the debtors' personal liability for unemployment insurance taxes incurred by their corporation did not fall under the ambit of section 523(a)(1)(A) because the tax liability arose out of wages earned from the corporation, not the debtors directly. 950 F.2d at 1378. Accordingly, the Court finds that the Past-Due

Contributions are not "of the kind" specified in section 507(a)(8)(D) and thus, are not nondischargeable taxes under section 523(a)(1)(A) in that regard.

### ii. Section 507(a)(8)(E) and Excise Taxes

Next, section 507(a)(8)(E) affords priority status to an unsecured claim for "an excise tax on– (I) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition[.]" § 507(a)(8)(E). "The Bankruptcy Code does not define 'excise tax,' nor is the legislative history informative on what the term means." Boston Regional Medical Center, Inc. v. Massachusetts Div. of Health Care Finance and Policy, 365 F.3d 51, 57 (1st Cir. 2004). The discussion in the cases addressing priority of excise taxes "has mostly concerned the meaning of the term 'tax,' with little attention paid to the term 'excise.'" Id. Federal law determines whether an obligation is a "tax" and an "excise tax." Id.; In re Voightman, 239 B.R. 380, 383 (B.A.P. 8th Cir. 1999). As such, to determine whether the Past-Due Contributions are nondischargeable under section 523(a)(1)(A), the Court will determine whether they are "taxes" under federal law and if so, whether they are "excise taxes."

The Supreme Court has defined "taxes" as "pecuniary burdens laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it." City of New York v. Feiring, 313 U.S. 283, 285 (1941); see State of New Jersey v. Anderson, 203 U.S. 483, 491-92 (1906); Boston Regional Medical Center, Inc., 365 F.3d at 58. Lower courts experienced some difficulty applying this broad definition and formulated additional criteria for determining whether an obligation is a tax. Boston Regional Medical Center, Inc., 365 F.3d at 58. The First Circuit, in particular, adopted the following *Lorber/Suburban II* multi-factored test developed in the Ninth and Sixth Circuits: (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of the legislature; (3) for public purposes,

including the purposes of defraying expenses of government or undertakings authorized by it; (4) under the police or taxing power of the state; (5) whether the exaction is universally applied to all similarly situated entities; and (6) whether the granting of priority status to a governmental claimant would prejudice private creditors with like claims.  Id. at 58-59 (citing County Sanitation v. Lorber Indus. of California, Inc. (In re Lorber Indus. of California, Inc.), 675 F.2d 1062, 1066 (9th Cir. 1982); Ohio Bureau of Workers' Comp. v. Yoder (In re Suburban Motor Freight, Inc.), 36 F.3d 484, 488 (6th Cir. 1994)).  As applied to the instant case, the Past-Due Contributions are taxes under the *Lorber/Suburban II* test for the reasons discussed below.

      First, the Past-Due Contributions constitute an involuntary pecuniary burden because they were imposed by a statute and were not contractual or consensual.  Second, they were imposed under the authority of the state legislature.  Third, they were imposed for a public purpose because the aim of the statute is to curb unemployment and lighten the burden on those involuntarily unemployed.  See In re John Hancock Distributors, Inc. 768 A.2d 1038, 1039 (N.H. 2001).  Fourth, they were imposed pursuant to the state's policing or taxing power.  Fifth, the unemployment contributions mandated under N.H. Rev. Stat. § 282-A:69 are uniformly applied to all employers as defined under the statute.  Finally, granting priority to the Past-Due Contributions does not prejudice private creditors because there are no private creditors with claims sufficiently similar to suffer any disadvantage.  Thus, the Past-Due Contributions are taxes within the meaning of section 507(a)(8)(E).

      Next, courts vary in their definition of an "excise" tax.  See In re Park, 212 B.R. 430, 434 (Bankr. D. Mass. 1997) (citing Patton v. Brady, 184 U.S. 608, 618 (1902); In re Suburban Motor Freight, Inc., 36 F.3d at 487 n.2; In re Sacred Heart Hosp. of Norristown, 190 B.R. 38, 44 (Bankr. E.D. Pa. 1995); State of Ohio v. Tri-Manufacturing & Sales Co. (In re Tri-Manufacturing & Sales Co.), 82 B.R. 58, 59 (Bankr. S.D. Ohio 1988)).  The First Circuit has quoted Black's Law Dictionary, which broadly provides that an excise tax is a "tax imposed on the manufacture, sale, or use of goods. . . or an occupation or activity. . ." Black's Law Dictionary 585 (7th ed. 1999); see Boston Regional Medical Center, Inc., 365 F.3d at 65

(finding that assessments levied against the hospital-debtor by the state's uncompensated care pool were excise taxes as defined in Black's Law Dictionary).

Here, the Court finds that the Past-Due Contributions are "of the kind" of taxes specified in section 507(a)(8)(E) because they are taxes imposed on an occupation, which sufficiently fall within the broad definition of excise taxes employed in this Circuit.  See also In re Mueller, 243 B.R. at 349 (providing that a claim for unpaid unemployment premiums imposed by statute is granted priority under section 507(a)(8)(E) and that the debt giving rise to that claim is nondischargeable under section 523(a)(1)(A)).  In addition, it is undisputed that the return for the Past-Due Contributions was due within three years of IPBMC's petition date.[5]  Thus, the Past-Due Contributions also constitute a nondischargeable debt under section 523(a)(1)(A) pursuant to section 507(a)(8)(E), which provides another basis for dismissing the Plaintiff's claim.

## II.     Nondischargeability Suit in State Court

Finally, as to the Defendant's second argument, the issue is whether the Defendant's suit to recover the Past-Due Contributions in state court violates the discharge injunction.  The First Circuit has stated that "bankruptcy courts and nonbankruptcy courts alike are vested with concurrent jurisdiction over nondischargeability proceedings" brought pursuant to section 523(a), except for the four waivable exceptions to discharge, Whitehouse v. Laroche, 277 F.3d 568, 576 (1st Cir. 2002), which do not apply in the instant case.  "Consequently, at their option, creditors seeking a nondischargeability determination need not submit to the jurisdiction of the bankruptcy court, but instead may invoke the jurisdiction of any appropriate nonbankruptcy forum either before or after the bankruptcy proceeding has been closed."  Id.  Thus, the Defendant was within its rights and not in violation of the discharge injunction to pursue the Plaintiff for his tax liability.  The Court concludes that such action sufficiently implicates a

---

[5] For the reasons discussed earlier, the Court again finds it immaterial that the return was due by IPBMC and not the Plaintiff individually.  See In re Mueller, 243 B.R. at 350.

nondischargeability proceeding, as the Plaintiff could have raised the issue as a defense, for it to fall outside the scope of the discharge injunction. As such, the Court finds a third basis for dismissing the Plaintiff's complaint, and the motion to dismiss is granted.

### CONCLUSION

For the reasons set out herein, the Court finds that (1) the Plaintiff is personally liable for the Past-Due Contributions, and the said taxes are nondischargeable under 11 U.S.C. § 523(a)(1); and (2) the Defendant's commencement of the state court action to collect the taxes falls outside the scope of the discharge injunction. Thus, the Plaintiff's claim for violation of the discharge injunction under 11 U.S.C. § 524(a) is dismissed, and the Court grants the Defendant's motion.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

DATED this 16th day of January, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge